IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-13-PLR-CCS |
| | ) | |
| ASHLEY MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case is before the undersigned on the Joint Motion to Correct Defendant's Name [Doc. 174], filed by the Government and Defendant Ashley Morris on June 6, 2017. On April 4, 2017, a Superseding Indictment [Doc. 15 SEALED, Doc. 16 REDACTED] was filed in this case, charging the instant Defendant as "ASHLEY MORRIS-CASEBOLT," with conspiring along with sixteen named codefendants to distribute methamphetamine. The undersigned substituted and appointed [Doc. 171] Attorney Theodore Kern as counsel for Defendant Morris on June 1, 2017. At that hearing, Mr. Kern informed the Court that Casebolt is Defendant Morris's maiden name and that she goes by Ashley Morris. The Government moved to correct the Defendant's name on the Superseding Indictment, and the Defendant did not oppose this oral motion. The Court directed the parties to file a written motion on the error in the charging instrument.

In their joint motion, the parties ask the Court to amend the Superseding Indictment to correct the Defendant's name from "Ashley Morris-Casebolt" to "Ashley Morris." They

contend that deleting the incorrect portion of the Defendant's last name will not prejudice the Defendant.

The purpose for indictment by a grand jury is "to limit [an individual's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). An indictment returned by a grand jury preserves three constitutional rights held by the accused: (1) the right to fair notice of the charges, (2) the protection against double jeopardy, and (3) the right to have a grand jury find probable cause for felony charges. *Russell v. United States*, 369 U.S. 749, 763-770 (1962). In light of these protections, it is "the settled rule in in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a *matter of form*." *Id.* at 770 (emphasis added); *see also Faust v. United States*, 163 U.S. 452, 454 (1896) (affirming the denial of a motion to quash the indictment for the misspelling of the defendant's name). Our appellate court has upheld an amendment of an indictment to correct a clerical error as a change that is a "matter of form." *Short v. United States*, 471 F.3d 686, 693 (6th Cir. 2006); *see also United States v. Rosenbaum*, 628 F. App'x 923, 929-30 (6th Cir. 2015) (affirming three amendments to the indictment—the name of a credit card company, the date, and the name of a loan package—because they were clerical errors), *cert. denied*, 136 S. Ct. 866 (2016).

The Court finds that changing the instant Defendant's name from "Ashley Morris-Casebolt" to "Ashley Morris" is a correction that is a "matter of form." "A name need not be correctly spelled in an indictment, if substantially the same sound is preserved." *Faust*, 163 U.S. at 454; *United States v. Emuegbunam*, 268 F.3d 377, 395 (6th Cir. 2001) (holding that the misspelling of the defendant's name does not invalidate the indictment because the name as indicted "substantially preserves the same sound as [his] true name"). Here, dropping the

Defendant's hyphenated maiden name, "-Casebolt," from the Superseding Indictment preserves the identical part of the Defendant's name "Ashley Morris." Moreover, this amendment to the Superseding Indictment does not alter the terms of the charges against the Defendant. *United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993) (determining that the court's correction of a typographical error in a citation to a statute "did not constitute an impermissible amendment of the indictment because it did not alter the charging terms"). Finally, the Court observes that the Defendant has no objection to the correction. *See Short*, 471 F.3d at 695 (observing that a defendant may waive the right to an indictment by a grand jury).

The Court finds the Joint Motion to Correct Defendant's Name is well taken, and it [**Doc. 174**] is **GRANTED**. The Court **ORDERS** that "Ashley Morris-Casebolt" be amended to "Ashley Morris" in the Superseding Indictment. The Government is **DIRECTED** to file an amended Superseding Indictment within thirty (30) days of the entry of this Memorandum and Order.

    **IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge