# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ASHLEY MORRIS, | ) |
| | ) |
|    *Petitioner*, | ) |
| | ) |
| v. | )   Nos.  3:18-CV-528, |
| | )            3:17-CR-13 |
| UNITED STATES OF AMERICA, | )       REEVES/POPLIN |
| | ) |
|    *Respondent*. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Ashley Morris's ("Morris") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]. [Criminal Doc. 549].[1]

## I.    Background

On November 30, 2017, Morris was sentenced to 128 months of imprisonment after she pleaded guilty to her role in a conspiracy to distribute fifty grams or more of methamphetamine. On December 14, 2018, Morris, through counsel, filed this motion to vacate, set aside, or correct Morris's sentence under 28 U.S.C. § 2255. The substance of the motion in its entirety stated:

> Ms. Morris's attorney in the trial court rendered ineffective assistance of counsel by providing Ms. Morris with misleading information and failing to inform her of information, regarding her constitutional, statutory, and procedural rights in relation to her defending against the allegations in the indictment, her pleading guilty, and the sentencing, appeal, and collateral attack processes, notwithstanding the trial court's inquiry at the change-of-plea hearing, all resulting in Ms. Morris' entering into a plea agreement with the Government and pleading guilty before the trial court uninformed, unknowingly, and involuntarily.

---

[1] All citations to the record are found on the instant civil docket. The related criminal docket may be found in Case No. 3:17-cr-00013-PLR-DCP-10.

Due to the motion's noncompliance with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 Rules"), Morris was instructed to file an amended § 2255 motion by January 2, 2019 or face dismissal for failure to prosecute and follow the orders of this Court [Doc. 3].

On December 31, 2018, Morris, through counsel, moved for an extension of time to file Morris's amended § 2255 motion [Doc. 4], which was granted [Doc. 5]. On January 27, 2019, Morris, through counsel, requested a second extension of time to file [Doc. 6], which was also granted [Doc. 7]. The February 14, 2019 deadline passed, along with ten additional months.

## II. Standard of Review

### A. Federal Rule of Civil Procedure 41(b)

Because § 2255 motions initiate civil proceedings, they may be governed by the Federal Rules of Civil Procedure to the extent that they are not inconsistent with the statutes and rules specifically governing cases under 28 U.S.C. § 2255. § 2255 Rule 12; *Bowdidge v. Lehman*, 252 F.2d 366, 368 (6th Cir. 1958). Under Federal Rule of Civil Procedure 41(b) a court may dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *Moss v. United States*, No. 3:16-CV-219-TAV, 2019 WL 921444, at *1 (E.D. Tenn. Feb. 25, 2019). Four factors guide a court weighing dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

## B. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), a final order in a proceeding under 28 U.S.C. § 2255 may not be taken unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1)(B). Rule 11 of the § 2255 Rules states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." § 2255 Rule 11. A certificate of appealability may be issued only if there is a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

## III. Analysis

After balancing the Rule 41(b)factors, the Court finds that dismissal of this case is appropriate and that no certificate of appealability should issue.

### A. Dismissal under FED. R. CIV. P. 41(b)

First, Morris's failure to properly amend her § 2255 motion in accordance with this Court's order is attributable to Morris's willfulness or fault. The Court granted two extensions to permit Morris to file an amended § 2255 motion and no amended motion was filed. As to the second factor, the United States has not been prejudiced by Morris's failure to comply with the Court's order. As to the third factor, the Court warned Morris that failure to timely amend the § 2255 petition would result in dismissal. [Doc. 3]. Lastly, alternative sanctions would not be appropriate as dismissal is the only appropriate remedy for this conclusory and unsubstantiated motion. § 2255 Rule 2(c) Cases (stating that a motion must "state the facts supporting each ground" for relief.); *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (providing that "courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'") (quotations and citations omitted)).

Consequently, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Erby v. Kula*, 113 F.

App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of civil rights complaint for want of prosecution where the plaintiff did not comply with deficiency order that warned the plaintiff that failure to comply would result in dismissal of the case); *Moss v. United States*, No. 3:16-CV-219-TAV, 2019 WL 921444, at *2 (E.D. Tenn. Feb. 25, 2019) (dismissing § 2255 motion for failure to comply with deficiency order that warned the petitioner that failure to comply would result in dismissal of the case). This action will be dismissed for failure to prosecute.

### B. Certificate of Appealability

The Court will dismiss this action herein on procedural grounds without reaching the merits of the underlying claims. Jurists of reason would not find it debatable that the Court is correct in its procedural ruling that this action is subject to dismissal due to Morris's failure to prosecute. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, a certificate of appealability will not issue. The Court will further certify that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* FED. R. APP. P. 24.

### IV. Conclusion

In light of the foregoing, this § 2255 action will be **DISMISSED** with prejudice. A certificate of appealability **SHALL NOT BE ISSUED**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed in forma pauperis on appeal. A Judgment will enter **DENYING** the motion [Doc. 1].

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**